CLARKSON v. LUFKIN RULE COMPANY.

1. WORKMEN'S COMPENSATION—SANDER—AGGRAVATION OF PRE-EXIST-
ING SILICOTIC CONDITION—EVIDENCE.
Workmen's compensation appeal board's finding that plaintiff
was entitled to workmen's compensation because of disability
is affirmed, where there is competent evidence to support the
finding, it being shown that dust and sand from sanding
machine at which he worked could have contributed to and
aggravated a pre-existing silicotic condition and medical tes-
timony was that he had extensive pulmonary fibrosis, emphy-
sema, and silicosis.

2. SAME—AGGRAVATION OF NONCOMPENSABLE DISABILITY—SILICOSIS.
Provision of workmen's compensation act permitting reduction
of award for occupational disease where noncompensable dis-
ability or death from any other cause is aggravated, prolonged,
accelerated, or in any wise contributed to by an occupational
disease held, inapplicable, where plaintiff's previous silicotic
condition, noncompensable because antedating the occupation-
al disease amendment to the workmen's compensation act,
was aggravated by an occupational exposure to sander dust
(CL 1948, § 417.8).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 247, 252, 278.
Workmen's compensation; injury or death to which pre-existing
physical condition of employee contributed.   19 ALR 95, 28
ALR 204, 60 ALR 1299.
[2] 58 Am Jur, Workmen's Compensation §§ 247, 252, 278, 501.
Workmen's compensation; injury or death to which pre-existing
physical condition of employee contributed.   19 ALR 95, 28
ALR 204, 60 ALR 1299.
Conditions of bodily organs due to particles of dust or other mate-
rial incident to work as compensable within workmen's compen-
sation act not covering occupational diseases.   62 ALR 1400,
97 ALR 1412.
[3] 58 Am Jur, Workmen's Compensation § 527.

3. SAME—SILICOSIS—LIMITATION ON AWARD—ERROR RAISED FOR FIRST TIME IN SUPREME COURT.

Claim of error on part of hearing referee in awarding plaintiff workmen's compensation "until further order of the department" without providing for the $10,500 limitation in statute pertinent to silicosis and other dust diseases, which claim was not mentioned in application for review by workmen's compensation appeal board nor urged upon the board, came too late when raised for first time in Supreme Court (CLS 1956, § 417.4).

Appeal from Workmen's Compensation Appeal Board. Submitted April 3, 1962. (Docket No. 4, Calendar No. 49,390.) Decided July 2, 1962.

John Clarkson presented his claim against the Lufkin Rule Company for compensation because of occupational silicosis. Award to plaintiff. Defendant appeals. Affirmed.

*John P. Murphy, Jr.,* for plaintiff.

*Lacey & Jones* (*Robert B. Lacey,* of counsel), for defendant.

DETHMERS, J. Plaintiff worked for defendant for 35 years, until he reached age 65. Defendant company made wooden rulers capped at the end by brass through which rivets were driven. Plaintiff's duties included holding the ends of such rivets against a belt sander to grind them down. ' Dust and sand from the sander got into his face and up his nose and made him cough and his sputum became a dirty gray. About 5 years before stopping work for defendant company his breath began to be short. He finally stopped working on the job for defendant because he became weak and tired and for reasons of health. Medical testimony was that he had extensive pulmonary fibrosis, emphysema, and silicosis.

Defendant showed that for some years before the 35-year period plaintiff had worked for it he had worked in coal mines; that the sanding belts in its plant have no sand on them, are made of aluminum oxide and no free silicon dioxide is used in manufacturing them; that there was a suction machine and vacuum hood over the sander pulling sawdust away from the operator of the machine; that a district engineer of the Michigan department of health had found that defendant's premises presented no potential health hazard; that silicosis is progressive, so that, once incurred, it keeps developing even after exposure to silica ceases. On this basis, defendant contends that plaintiff's silicosis was incurred in coal mining, that there are no proofs that silica exposure or other conditions existed in defendant's employment which were factors, and that, hence, his disability was not shown to be attributable to employment with defendant.

For plaintiff, however, there was medical testimony that dust from the sanding machine, even if free from silica, could have contributed to and aggravated a pre-existing silicotic condition.

Under such record, we cannot say that the appeal board's finding of facts entitling plaintiff to compensation is without support of competent evidence.

Defendant claims error in the appeal board's failure to apply the following language of CL 1948, § 417.8 (Stat Ann 1960 Rev § 17.227):

"or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated, or in any wise contributed to by an occupational disease, the compensation payable shall be such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bearing to all the causes of such disability or death,

such reduction in compensation to be effected by reducing the number of weekly payments or the amounts of such payments, as under the circumstances of the particular case may be for the best interests of the claimant or claimants."

As plaintiff properly points out, defendant does not distinguish between aggravation of the original silicosis, noncompensable because antedating the statute, which plaintiff may have acquired in mining, by an occupational disease, as provided for in the quoted language of the statute, and aggravation thereof by an occupational exposure (sander dust), as occurred in this case. Accordingly, we agree with plaintiff that the quoted language has no application here. The appeal board did not err in this connection.

The hearing referee awarded plaintiff compensation "until further order of the department" without providing for the $10,500 limitation contained in CLS 1956, § 417.4 (Stat Ann 1960 Rev § 17.223). In its application for review of claim to the appeal board defendant made no mention of this point nor did it urge it upon the board. Under such circumstances, it comes too late when raised for the first time here. *DeWitt* v. *Grand Rapids Fuel Company,* 346 Mich 209; *McLean* v. *Eaton Manfg. Company,* 286 Mich 285.

Affirmed. Costs to plaintiff.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.