TRIPLETT v CHRYSLER CORPORATION

Docket Nos. 56912, 56916. Decided August 19, 1975. Rehearing denied 395 Mich —.

Odas Triplett is unable to walk any distance because he suffers from emphysema, an occupational disease for which he has received workmen's compensation from his employer, Chrysler Corporation. The Workmen's Compensation Appeal Board awarded him disability benefits for total and permanent loss of industrial use of his legs. The Court of Appeals denied leave to appeal (Docket No. 22720). On application for leave to appeal by Chrysler Corporation and the Second Injury Fund, reversed.

*Held:*

There is not permanent and total loss of industrial use of both legs where the use of one or both legs, whether or not injured, triggers an employment-related malady, such as one of the heart, lung, or kidneys, which by itself or in connection with any physical exertion reacts to affect all functions and activities of the body more or less in the same manner as it affects the use of the legs, even though it does prevent use of both legs in industry.

*Kelman, Loria, Downing, Schneider & Simpson,* by *Rodger G. Will,* for plaintiff.

*Lacey & Jones,* by *Hayim I. Gross,* for Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard,* Assistant Attorney General, for the Second Injury Fund.

MEMORANDUM OPINION. On order of the Court, application for leave to appeal is considered and the same is hereby granted. The Court, *sua sponte,* pursuant to GCR 1963, 865.1(7), hereby reverses

the decision of the Workmen's Compensation Appeal Board.

The issue in this case is whether the general debilitating effects of an occupational respiratory condition which prevents an employee from walking any appreciable distance entitles him to benefits for a permanent and total loss of industrial use of both legs under § 10(b)(7), Part II of the Workmen's Compensation Act.[1]

## I.

Plaintiff suffers from an occupational disease, emphysema, for which he has received 500 weeks of compensation from Chrysler Corporation for total disablement. As a result of this condition plaintiff is unable to engage in any activity which requires any degree of exertion. It is undisputed that if he walks any distance breathing becomes difficult and he cannot continue.

In April, 1971 plaintiff filed a petition for hearing before the Workmen's Compensation Bureau. He sought disability benefits for total and permanent loss of industrial use of both his lower extremities alleging emphysema as the cause of this disability. The hearing referee denied the claim, but the appeal board reversed the referee's decision and awarded plaintiff permanent and total disability benefits. The Court of Appeals denied leave on April 1, 1975. Application was then filed with this Court.

## II.

The most recent case dealing with the nature of the loss of industrial use of the legs was *Burke v*

---

[1] Currently MCLA 418.361(2)(g); MSA 17.237(361)(2)(g).

*Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974). *Burke* provides the following test:

"There is permanent and total loss of industrial use of both legs where, *inter alia,*

"1. An employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry.

"2. The use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." 391 Mich 103, 114.

While the rule set forth in *Burke* is broadly worded, it was not the intention of this Court that the rule should be read to include those cases in which the loss of industrial use of the legs is caused by a generally debilitating disease, which affects bodily functions in much the same way and causes a general decline in those bodily functions.

The test established in *Burke* was derived primarily from two prior cases; *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963), and *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970).[2] In *Lockwood* then Judge, now Justice, LEVIN in speaking for the Court said:

"While industrial loss of use of the legs is not estab-

---

[2] Unlike the plaintiff in this case, Burke, Paulson, and Lockwood were not suffering from a general or total disability which resulted in the loss of industrial use of their legs. Burke suffered an injury to one of his legs. Subsequent movement of that leg had debilitating effects on his other leg. Paulson suffered a punctured bladder and fractured pelvis which resulted in constant urine drainage from the bladder into surrounding areas of the body. As a result he felt severe pain in his lower abdomen when pressure was borne on either leg. Finally, Lockwood suffered a loss in hearing from exposure to noise and developed vertigo. The vertigo was precipitated when he used his legs.

lished by 'any infirmity' which causes total disability, at least where, as here, as in *Paulson,* the infirmity is triggered by the use of the legs preventing their further use industrially, the worker has established the right to recover for total and permanent disability even though the infirmity is also triggered by other causes, *e.g.,* noise and other body movement." 27 Mich App 597, 606–607.

Judge LEVIN was careful to qualify this general statement by providing a caveat regarding general or total disabilities:

"During argument, a similar concern was expressed: unless we limit the statutory language, workers who suffer from heart disease or emphysema which prevents them from using their legs industrially may claim total and permanent disability. However, before a worker can recover total and permanent disability compensation he must show a work-caused injury or disease. Furthermore, *it may well be that where compensation is claimed for heart or lung disease that some limitation may be appropriate in the light of the special history of the compensation of incapacity traceable to such diseases.* That is not, however, a good reason for imposing a limitation in a case such as this where the worker's inability to use his limbs is not attributable to a general reduction of bodily function, but rather to an injury which even if it had been suffered by a young person otherwise sound and healthy would make impossible movement of his limbs in gainful employment.

"We know from *Paulson* that just because Lockwood's legs are in good condition and his leg function itself is unaffected, that his inability to use his legs is attributable to another disability, does not necessarily mean that his injury is not leg-related.

"When Paulson used his legs it aggravated another condition and made it painful for him to continue to use his legs. When Lockwood used his legs it aggravated another condition, making it necessary for him to sit down and preventing him from using his legs. In both cases the other condition is leg-related.

*"The* Paulson *and* Lockwood *cases are different from
the case of the heart disease patient where the disease
affects all functions and activities more or less* in the
same way and where there has been a *general decline
in bodily function."* 27 Mich App 597, 606, fn 10.
(Emphasis added.)

This caveat, although not reproduced in *Burke,*
was nonetheless an essential element of the *Lock-
wood* decision which was approved by this Court in
*Burke* and thus is applicable to the case before us.
In light of apparent confusion in this area we
hereby make explicit what heretofore was implicit.

We hold that there is not permanent and total
loss of industrial use of both legs where the use of
one or both legs, whether or not injured, triggers
an employment-related malady, such as one of the
heart, lung, or kidneys, which by itself or in
connection with any physical exertion reacts to
affect all functions and activities of the body more
or less in the same manner as it affects the use of
the legs, even though it does prevent use of both
legs in industry.

Plaintiff, who was 63 years old at the time of the
hearing, is suffering from pulmonary emphysema.
His condition is worsening and is in the advanced
stages. While walking causes shortness of breath
preventing further use of the legs, it appears that
such physical activity which requires any degree of
exertion would similarly affect the usefulness of
other parts of the body. Under the caveat set forth
in *Lockwood* and approved by this Court, plaintiff
is not entitled to benefits for the total and perma-
nent loss of industrial use of his legs.

The decision of the appeal board is reversed.

No costs, a public question being involved.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN,

M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.