BALDWIN v CHRYSLER CORPORATION

WORKMEN'S COMPENSATION—SUBSEQUENT COMPENSATION—DATE OF
   FILING—LIMIT OF AUTHORITY.
   The statute which provides that when payment of workmen's
   compensation is made, other than medical expenses, and an
   application for further compensation is later filed with the
   bureau, no compensation shall be ordered for any period which
   is more than one year prior to the date of filing of such
   application limits the authority of the board to order payment
   of benefits for periods prior to the year before such filing
   (MCLA 418.833[1]; MSA 17.237[833] [1]).

Appeal from the Workmen's Compensation Appeal Board. Submitted January 9, 1976, at Detroit. (Docket No. 23292.) Decided January 27, 1976. Leave to appeal denied, 396 Mich 862.

Claim by Carlton Baldwin against Chrysler Corporation and the Second Injury Fund for workmen's compensation. Compensation granted. Second Injury Fund appeals. Judgment modified and affirmed.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard, Thomas R. Fredericks,* and *David J. Watts,* Assistants Attorney General, for the Second Injury Fund.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 411.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

QUINN, J. Second Injury Fund appeals from a decision by the Workmens' Compensation Appeal Board which awarded plaintiff total and permanent disability benefits from January 12, 1946. It is undisputed that plaintiff is entitled to benefits. The issue is when do those benefits begin.

Plaintiff was injured August 17, 1943, while employed by defendant Chrysler Corporation. As a result of the injury, plaintiff's left leg was amputated. Prior to this injury, plaintiff lost the industrial use of his right leg due to polio. Defendant Chrysler Corporation voluntarily paid the specific loss benefits for 200 weeks as the statute then required. The 200-week period expired July 5, 1947. Thereafter, plaintiff was steadily employed elsewhere until 1970.

February 10, 1972, plaintiff first petitioned for total and permanent disability benefits. MCLA 418.833(1); MSA 17.237(833)(1) provides:

"If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than one year prior to the date of filing of such application."

We do not read the foregoing as a statute of limitations, but rather as a limit on the Workmen's Compensation Appeal Board's authority to order the payment of benefits. Thus any benefits awarded prior to February 10, 1971, would not be authorized by law, and the order appealed from is erroneous as far as it requires payments prior to February 10, 1971.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This conclusion makes moot the second issue.

The Workmen's Compensation Appeal Board ordered six per cent interest on accrued benefits. Plaintiff concedes this was error and that the interest rate should be five per cent.

The order appealed from is amended to require benefit payments retroactive to February 10, 1971, with five per cent interest on accrued benefits. Otherwise the order is affirmed without costs.