KLEINSCHRODT v GENERAL MOTORS CORPORATION

Docket No. 59054. Argued November 1, 1977 (Calendar No. 1).— Decided March 13, 1978. Rehearing denied *post*, p 966.

Fred G. Kleinschrodt received 93 weeks of workmen's compensation benefits from his employer, Chevrolet Division of General Motors Corporation, for an injury suffered in 1962 which resulted in amputation of two fingers. In 1972 the plaintiff was awarded 122 additional weeks of workmen's compensation benefits for the industrial loss of the use of his hand. The Workmen's Compensation Appeal Board agreed that the plaintiff had lost the use of his hand, but *sua sponte* invoked the "one-year-back rule", which provides that no compensation shall be ordered for any period which is more than one year prior to the date of filing the application for additional compensation, and denied an award of additional benefits. The Court of Appeals, Bashara, P.J., and M. F. Cavanagh and D. T. Anderson, JJ., affirmed in a memorandum opinion on the ground that the one-year-back rule is a limitation on the authority of the Workmen's Compensation Appeal Board to award benefits rather than a statute of limitations which is waived if not pled (Docket No. 23506). Plaintiff appeals. *Held:*

The "one-year-back" provision is a defense, akin to the statute of limitations, which is waived if not raised before the Workmen's Compensation Appeal Board. It is not jurisdictional. The decision of the Court of Appeals is reversed and the case remanded to the Workmen's Compensation Appeal Board for further proceedings.

Justice Coleman and Justice Ryan dissented on the ground that the one-year-back provision is a limitation on the authority of the Workmen's Compensation Appeal Board which cannot be waived by the parties. The Court's opinion hangs on the slender thread of a footnote in a previous opinion and its conclusion has not been justified on legal or policy grounds.

Reversed.

*MacDonald, FitzGerald & MacDonald* for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard R. Weiser*), for defendant.

PER CURIAM. Plaintiff urges in this worker's compensation case that the Workmen's Compensation Appeal Board erred in denying benefits on the strength of MCLA 418.833; MSA 17.237(833),[1] known as the one-year-back rule, because in its appeal defendant did not raise the one-year-back rule and expressly stated that the appeal was limited to whether the administrative law judge was correct in finding that plaintiff had lost the industrial use of his right hand. We agree with plaintiff and hold that the one-year-back provision is a defense which is waived if not raised before the appeal board.

Plaintiff suffered a work-related injury in 1962 resulting in the amputation of his middle and ring fingers and severance of the index finger, the index finger being sewn back on. Defendant voluntarily paid 93 weeks of compensation. Being right-handed, plaintiff could do only simple work, but he was kept on until 1964 when he developed a brain tumor and was given a disability pension.

In 1972 plaintiff filed for additional worker's compensation benefits and the sole issue at the hearing before the administrative law judge was whether, in 1962, plaintiff had lost the industrial use of his right hand. The administrative law judge found that he had, and awarded 122 weeks

---

[1] MCLA 418.833; MSA 17.237(833) provides:

"(1) If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application.

"(2) When an employer or carrier takes action to recover overpayment of benefits, no recoupment of money shall be allowed for a period which is more than 1 year prior to the date of taking such action."

of compensation, that being the difference between the 215 weeks of benefits to which he was entitled[2] and the 93 weeks of benefits previously paid.

Defendant took an appeal limited to the issue of whether plaintiff had lost the industrial use of his hand. The appeal board agreed that he had, but nevertheless went on to invoke the one-year-back rule *sua sponte* and deny benefits altogether. Plaintiff challenged this holding before the Court of Appeals but leave to appeal was denied over Judge BRENNAN's dissent. We remanded the case to the Court of Appeals for consideration as on leave granted, 395 Mich 813 (1975), and the Court of Appeals affirmed in an unpublished memorandum opinion concluding that the one-year-back rule constitutes a limit on the authority of the appeal board to award compensation and cannot be waived.

In *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975), appellee advanced in this Court the one-year-back rule and other arguments which it had not presented to the administrative law judge, the appeal board or the Court of Appeals. In determining whether to review these arguments we took note of several prior decisions by this Court, among them *Aske v W E Wood Co,* 248 Mich 327; 227 NW 722 (1929), which held that the failure to submit the defense of "loaned employee" to the Workmen's Compensation Commission amounted to a waiver of that defense. Our conclusion in *Kushay* was that the appellee had failed properly to preserve the issues. We added:

"[Appellee] relies on the statement of three justices in *Loucks v Bauman,* 356 Mich 514, 517–518; 97 NW2d 321 (1959), for the proposition that the one-year-back

---

[2] MCLA 418.361(1)(h); MSA 17.237(361)(1)(h).

provision is not a defense which can be waived. That
view did not then and does not now have the support of
a majority of the Court." 394 Mich 77, fn 13.

We are of the opinion that the one-year-back
provision is a defense, akin to the statute of limita-
tions, which can be waived. It is not jurisdictional.[3]

Defendant outlined the nature of its arguments
before the appeal board in the statement of facts
of the brief submitted to that body:

"The only issue before the referee and the only issue
raised by this appeal is: Is the plaintiff's right hand
useless for any type of work whatsoever?"

There was no oral argument. Under these cir-
cumstances, we hold that defendant waived the
defense of the one-year-back rule by failing to
raise it before the appeal board.

We reverse the decision of the Court of Appeals
and remand the case to the Workmen's Compensa-
tion Appeal Board for further proceedings consist-
ent with this opinion. No costs, a public question.

KAVANAGH, C.J., and WILLIAMS, LEVIN, FITZGER-
ALD, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, J. *(dissenting)*. The Court has held
"that the one-year-back provision [of the Worker's
Compensation Act] is a defense which can be
waived". I consider it a limitation on the Worker's
Compensation Appeal Board's authority and thus
dissent.

---

[3] In *Clarkson v Lufkin Rule Co,* 367 Mich 19, 22; 116 NW2d 223
(1962), the defendant raised before this Court for the first time the
$10,500 limitation which then existed as the maximum compensation
payable in a silicosis case. MCLA 417.4; MSA 17.223. We observed
that defendant did not raise the issue before the appeal board and
concluded that under "such circumstances, it comes too late when
raised for the first time here".

In *Loucks v Bauman,* 356 Mich 514; 97 NW2d 321 (1959), the WCAB failed to apply the one-year-back provision. Chief Justice DETHMERS and two other justices said in one opinion that the provision "does not impose a limitation of actions * * * which may be deemed waived by defendant's failure to assert it as a defense, but, on the contrary, it places a limitation on the power of the appeal board which cannot be waived by parties".

In a separate concurrence, Justice EDWARDS agreed that the WCAB erred by not applying the provision:

"Whatever the reason may be for the appeal board's omission, in my view, the language of the [provision] is clear and * * * it bars recovery in the fact situation presented as to any compensation prior to [the one-year-back date]."

This analysis was echoed by the Court of Appeals in *Baldwin v Chrysler Corp,* 67 Mich App 61; 240 NW2d 266 (1976), where the defendant, injured in 1943, filed a petition for compensation on February 10, 1972. The Court read the one-year-back provision and made this analysis:

"We do not read the foregoing as a statute of limitations, but rather as a limit on the Workmen's Compensation Appeal Board's authority to order the payment of benefits. Thus any benefits awarded prior to February 10, 1971, would not be authorized by law, and the order appealed from is erroneous as far as it requires payments prior to February 10, 1971."

In *Kleinschrodt,* the Court today has overruled *Loucks* and *Baldwin* on the basis of a not altogether accurate footnote in *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975), a footnote which was appended to the statement that Sexton

"failed properly to preserve" certain issues "and that there is, therefore, no need to address the merits of those issues". The Court's opinion hangs on this slender thread. It does not justify its conclusion on legal or policy grounds. I find it unconvincing and would uphold the reasoned conclusions in *Loucks* and *Baldwin.* I would affirm.

RYAN, J., concurred with COLEMAN, J.