CROSBY v STERNER SHEET METAL AND ROOFING CO

Docket No. 47226. Submitted October 7, 1980, at Lansing.—Decided January 21, 1981. Leave to appeal applied for.

Lynus Crosby was awarded 800 weeks of total and permanent disability benefits for the loss of the industrial use of his extremities due to a heart condition resulting from an industrial accident which occurred while he was employed by Sterner Sheet Metal and Roofing Company. Zurich Insurance Company was his employer's insurer. 51 Mich App 518 (1975). Subsequently, the Supreme Court announced the rule precluding such awards based on the type of injury sustained by the petitioner, *Triplett v Chrysler Corp*, 394 Mich 518 (1975), and the Second Injury Fund, relying on this ruling, notified the petitioner that his benefits would be discontinued upon the expiration of the 800-week period. Petitioner thereafter filed for continuing benefits, which petition was denied, by a referee, on the ground that the petitioner was no longer totally and permanently disabled as a matter of law. The referee's decision was affirmed by the Workers' Compensation Appeal Board. Petitioner appeals by leave granted, alleging that, pursuant to the law in effect at the time that his original right to compensation arose, the question of his disability is a matter of fact and that under the facts he is entitled to continuing benefits. *Held:*

Petitioner was validly granted disability benefits prior to the decision in *Triplett*. The law in effect at the time his original right to compensation arose controls. Under that law, the question of his disability is a matter of fact, not a matter of law. The facts indicate that petitioner's condition has worsened since the original award of benefits and, thus, he should have been granted continued benefits by the Workers' Compensation Appeal Board.

Reversed.

1. Workers' Compensation — Right to Compensation — Controlling Law.

An injured employee's right to workers' compensation is con-

Reference for Points in Headnotes

[1, 2] 81 Am Jur 2d, Workmen's Compensation § 89.

trolled by the law in effect at the time the right to compensation comes into existence.

2. WORKERS' COMPENSATION — RIGHT TO CONTINUING COMPENSATION — MATTERS OF LAW — MATTERS OF FACT.

> A worker who was awarded 800 weeks of total and permanent disability benefits for the loss of the industrial use of his extremities due to a non-extremity malady before the annunciation of the rule precluding such an award under identical conditions as a matter of law is entitled to continuing, post-800-week benefits where his continuing total and permanent disability is established as a matter of physical fact as provided by the law in effect at the time his right to original compensation arose.

*Smith, Bovill & Fisher, P.C.* (by *Albert A. Smith* and *John D. MacKenzie,* of Counsel), for plaintiff.

*Davidson, Breen & Doud, P.C.,* for defendants Sterner Sheet Metal and Roofing Co. and Zurich Insurance Co.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for defendant Second Injury Fund.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

ALLEN, J. On August 16, 1979, the Workers' Compensation Appeal Board, one member dissenting, denied petitioner's claim for continuing his total and permanent disability benefits beyond the end of his first 800 weeks of receiving such benefits. His petition was denied on the ground that, as a matter of law, he was no longer totally and permanently disabled. Leave to appeal was granted on February 27, 1979.

On March 7, 1961, petitioner suffered an injury to his heart as the result of an accident which occurred while he and several fellow employees

were attempting to extricate a tar kettle from mud at Central Michigan University. Petitioner was found to be suffering from angina pectoris, auricular fibrillation, and atrial flutters. These terms refer to abnormal conditions of that part of the cardiovascular system which is in and contiguous to the heart. The conditions are manifested through chest pain and abnormal contraction of the auricles or atria of the heart. The Workers' Compensation Appeal Board, with respect to petitioner's initial claim, specifically found that these conditions resulted from the 1961 accident. Although there was nothing physically wrong with petitioner's arms or legs, he could no longer engage in any type of industrial activity because of the exertion it would place on his heart. The sole cause of his inability to so use his arms and legs was the injury he suffered in 1961. The Workers' Compensation Appeal Board held that petitioner's disability arose out of and in the course of his employment and was, therefore, compensable. Petitioner thereupon received compensation benefits until October 6, 1970, 500 weeks from the date of his injury. Prior to this time, however, he filed a petition seeking further benefits for total and permanent disability due to the alleged loss of industrial use of his extremities. MCL 418.361(2)(g); MSA 17.237(361)(2)(g).

Petitioner was granted 800 weeks of total and permanent disability benefits after this Court held that he was not prevented from establishing loss of the industrial use of his extremities even though his condition was a non-extremity malady (heart condition) which was triggered by the use of the extremities and was a condition which prevented the industrial use of his extremities. *Crosby v Sterner Sheet Metal & Roofing Co,* 51 Mich App 311; 214 NW2d 868 (1974).

Subsequent to the Workers' Compensation Appeal Board's granting petitioner 800 weeks of benefits, the Michigan Supreme Court rendered its decision in *Triplett v Chrysler Corp,* 394 Mich 518, 522; 232 NW2d 168 (1975), *reh den* 395 Mich 911 (1975), which held that:

"[T]here is not permanent and total loss of industrial use of both legs where the use of one or both legs, whether or not injured, triggers an employment-related malady, such as one of the heart, lungs, or kidneys, which by itself or in connection with any physical exertion reacts to affect all functions and activities of the body more or less in the same manner as it affects the use of the legs, even though it does prevent the use of both legs in industry."

Relying upon *Triplett,* respondent Second Injury Fund notified petitioner by mail that his benefits would be discontinued after the expiration of the 800-week period. After his benefits were discontinued, he filed for further benefits. On March 21, 1978, after a hearing, the hearing referee issued a decision denying him further benefits holding that, although his total disability had in fact worsened, as a matter of law under *Triplett,* he was not totally and permanently disabled. The referee's decision was affirmed (2-1) by the Workers' Compensation Appeal Board.

The issue before this Court is whether the post-800-week decision concerning petitioner's continued receipt of permanent and total disability benefits is to be determined as both a matter of law and fact under *Triplett* or solely as a question of fact under this Court's decision in *Clark v Gerity Michigan Corp,* 84 Mich App 151; 269 NW2d 510 (1978), *lv den* 403 Mich 856 (1978). In *Triplett,* the claimant suffered from an occupational disease,

emphysema. As a result of this condition, claimant was unable to engage in any activity which required any degree of exertion. Claimant sought pre-800-week disability benefits for total and permanent loss of the industrial use of both his lower extremities. The Court held that the emphysema-caused disability did not come within the legal definition of "total and permanent disability" and denied benefits. It is undisputed that had the present petitioner applied for pre-800-week disability benefits after *Triplett* was decided, he, as a matter of law, would not qualify for benefits.

However, this is not the case. Petitioner applied for pre-800-week disability benefits before *Triplett* was decided and was validly granted these benefits under *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963), *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970), *lv den* 384 Mich 823 (1971), and *Drake v Norge Division, Borg-Warner Corp,* 48 Mich App 88; 210 NW2d 131 (1973).

He now applies for post-800-week continuation of disability benefits and argues that the *Clark* decision controls. We agree. In *Clark,* the claimant lost both hands in an industrial accident. The claimant received 800 weeks total and permanent disability benefits. After 800 weeks, the benefits were discontinued based upon a finding that the claimant had obtained continuous employment and that his wages were greater than those earned at the time of injury. The claimant applied for post-800-week benefits claiming that, as a matter of law, he was totally and permanently disabled. This Court upheld the denial of benefits holding that the question of claimant's total and permanent disability was a question of fact not one of law. The Court quoted in pertinent part 1955 PA

250 (formerly MCL 412.9; MSA 17.159, current version at MCL 418.351; MSA 17.237[351]):

" 'While the incapacity for work resulting from the injury is total, the employer shall pay * * * a weekly compensation * * * and in no case shall the period covered by such compensation be greater than 500 weeks from the date of injury * * * except for permanent and total disability * * * when the compensation shall be paid for the duration of such permanent and total disability: *Provided, That the conclusive presumption of total and permanent disability shall not extend beyond 800 weeks from the date of injury, and thereafter the question of permanent and total disability shall be determined in accordance with the fact, as the fact may be at that time.*' " *Clark, supra,* 154-155. (Emphasis added.)

It is settled law in this state that an injured employee's right to workers' compensation is controlled by the law in effect at the time the right to compensation springs into existence. *Clark, supra,* 154, *Tarnow v Railway Express Agency,* 331 Mich 558; 50 NW2d 318 (1951), *Pleiness v Mueller Brass Co,* 56 Mich App 169; 223 NW2d 634 (1974). At the time the present petitioner's right to compensation came into existence, *Triplett* had not been decided, and his petition for total and permanent disability benefits was validly approved. *Paulson, supra, Lockwood, supra,* and *Drake, supra.* After the expiration of the 800-week period, his petition for continued benefits became a question solely of physical fact. *Clark, supra,* 159.

As such, his petition for continued benefits should have been granted as it is undisputed that petitioner's total and permanent disability had, in fact, worsened. Therefore, the Workers' Compensation Appeal Board is reversed.

Reversed.