Justice CAVANAGH’s
dissent is equally applicable here. The statute at issue in this case, MCL 600.5821(4), also addresses “[a]ctions.” Specifically, it preserves actions brought by state entities. It also explicitly delineates that the action contemplated is one brought for the recovery for certain costs incurred. MCL 600.5821(4) lists the costs as those for the “maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions . .. .” Thus, it is apparent from the language of the statute that the Legislature intended to preserve more than the state entities’ right to file papers in court.
Moreover, this Court’s caselaw predating Cameron also does not support the Cameron majority’s holding. The only authority cited for Cameron’s interpretation was in Justice MARKMAN’S concurring opinion, which relied on dicta from Justice BRICKLEY’s lead opinion in Howard v Gen Motors Corp.[18]
In Howard, two justices analyzed the one-year-back rule in the workers’ compensation act to determine *301 whether it was a jurisdictional affirmative defense akin to a statute of limitations. Justice BRICKLEY concluded that “the ‘statute of limitations’ interpretation of the one-year-back rule offered in Kleinschrodt[19] and applied to the two-year-back rule in Kingery[20] and Howard [in the Court of Appeals] contradicts our earlier precedent on the subject as well as the plain language of the statutes.”[21] By contrast, in Kleinschrodt, five justices stated that “[w]e are of the opinion that the one-year-back provision is a defense, akin to the statute of limitations . . . ,”[22]
In sum, for more than 20 years before Cameron, the majority in all of the Court’s relevant opinions saw no basis for treating any of the provisions of MCL 500.3145(1) differently. In Welton v Carriers Ins Co, we made a distinction among the provisions only to the extent of noting that the section contains “two limitations on time of suit and one limitation on period of recovery[.]”[23] Even then, the Welton Court saw no basis for treating the provisions differently.[24] Indeed, the law was so well settled that the defendants in Cameron did not even argue for different treatment until this Court heard oral argument on appeal.[25]
*302 Thus, we conclude that Cameron erroneously held that MCL 600.5851(1) does not protect a plaintiffs claim from the one-year-back rule. We also hold that this understanding of the interaction between the statutes is equally applicable to the interaction between MCL 600.5821(4) and MCL 500.3145(1). Therefore, the provisions of MCL 600.5821(4) preserving a plaintiffs right to bring an action also preserve the plaintiffs right to recover damages incurred more than one year before suit is filed. The one-year-back rule in MCL 500.3145(1) is inapplicable to such claims.[26]
STARE DECISIS[27]
For the aforementioned reasons, we conclude that *303 Cameron was wrongly decided. However, despite the fact that a previous decision was wrongly decided, we must be mindful of the doctrine of stare decisis when deciding whether to overrule it.[28] Our analysis always begins with a presumption that upholding precedent is the preferred course of action.[29] That presumption should be retained until effectively rebutted by the conclusion that a compelling justification exists to overturn it.[30] Nonetheless, when analyzing precedent that itself represents a recent departure from established caselaw, we apply a decreased presumption in favor of upholding precedent.[31]
In determining whether a compelling justification exists to overturn precedent, the Court may consider numerous evaluative criteria, none of which, standing alone, is dispositive. Historically, courts have considered (1) whether the precedent has proved to be intolerable *304 because it defies practical workability, (2) whether reliance on it is such that overruling it would cause a special hardship and inequity, (3) whether related principles of law have so far developed since the precedent was pronounced that no more than a remnant of it has survived, (4) whether facts and circumstances have so changed, or come to be seen so differently, as to have robbed the precedent of significant application or justification, (5) whether other jurisdictions have decided similar issues in a different manner, (6) whether upholding the precedent is likely to result in serious detriment prejudicial to public interests, and (7) whether the prior decision was an abrupt and largely unexplained departure from then existing precedent.
These factors may or may not be applicable in a given case. Nor is there a magic number of factors that must favor overruling a case in order to establish the requisite compelling justification. Rather, this conclusion should be reached on a case-by-case basis.
Here, we first consider whether Cameron has proved intolerable because it defies practical workability. Indeed it does. Cameron left MCL 600.5851(1) and similar provisions void of effect in many cases while ostensibly protecting an injured party’s right to file suit. This created an indefensible paradox and, as such, an unworkable and confusing legal landscape. Consider, for example, the hypothetical case of a boy injured in a car accident at age 12 and fully recovered by age 15. Upon reaching 18, he retains an attorney to file suit to recover the costs associated with the treatment of his injuries, relying on MCL 600.5851(1). The defendant also retains counsel, who responds by filing a motion to dismiss, arguing that none of the plaintiffs damages are recoverable. The trial court parses the parties’ filings and determines that none of the plaintiffs costs were incurred in the year before suit was filed.
*305 Under Cameron, the plaintiff in this hypothetical case was indisputably entitled to file suit, because MCL 600.5851(1) preserved his right to do so. Yet Cameron gutted his suit of any practical worth because, under its interpretation of MCL 600.5851(1), the plaintiff had no chance to recover any damages. Thus, the plaintiff was denied the legal recourse the Legislature provided him, which is, after reaching his majority, to recover the damages he incurred more than a year earlier. Accordingly, we conclude that Cameron is frequently innately unworkable.
Second, we consider whether reliance interests weigh in favor of overruling Cameron, We conclude that they do. Cameron is of recent vintage, having been decided a mere four years ago. Hence, reliance on its holding has been of limited duration. Moreover, Cameron represented a sea change in one area of the law and toppled settled interpretations of the no-fault act that had existed almost since the adoption of MCL 600.5851.[32] In doing so, Cameron disrupted the reliance interests of the injured minors and the incompetents who relied on its provisions to preserve their claims until removal of their disabilities.
We recognize that there exists a competing reliance interest in the continuing validity of Cameron: that of the defendants in no-fault cases. Yet Cameron’s evisceration of the crux of a plaintiffs claim — the potential to recover damages — effectively removed altogether the incentive to file suit as permitted by MCL 600.5851(1). We conclude that, while no-fault defendants’ reliance on this interpretation is reasonable, it is not itself sufficient to preclude overruling Cameron given the extent of Cameron’s prejudice to no-fault plaintiffs.
*306 Third, we consider whether related principles of law have developed since Cameron’s interpretation of MCL 600.5851(1) was pronounced. This factor is inapplicable to our stare decisis analysis in this case, as we are aware of no intervening change in the law that further supports or undermines Cameron’s continuing legitimacy.
Fourth, we examine whether facts and circumstances have so changed, or have come to be seen so differently, that Cameron has been robbed of significant justification. Like the previous factor, we discern no factual or circumstantial changes that counsel for or against overruling Cameron. Therefore, this factor also is inapplicable to our analysis.
Fifth, we consider whether other jurisdictions have decided similar issues in a different manner. This factor is likewise inapplicable to our stare decisis analysis. Michigan’s comprehensive no-fault insurance scheme is unique to our state. While other states share the fundamental underpinnings of our system, judicial interpretations of the no-fault act have evolved independently of those of other states with similar insurance schemes. Thus, other jurisdictions’ interpretations of similar statutes are unhelpful to our analysis in this case.
Sixth, we examine whether upholding Cameron is likely to result in serious detriment prejudicial to public interests. We conclude that this factor weighs heavily in favor of overruling Cameron. Cameron drastically curtailed the protection provided by the Legislature for minors and incompetents. In enacting MCL 600.5851(1), the Legislature conveyed its intention to protect individuals in those groups with unique treatment under the law. The statute represents the culmination of the Legislature’s deliberative process. Cameron undermined the Legislature’s decision to provide a *307 “year of grace” to infants and incompetents in recognition of their inability to legally act until their disabilities are removed.[33]
Moreover, Cameron set an ironic trap for minors and incompetents. As Justice CAVANAGH astutely noted in dissent:
[I]f a person is injured in a motor vehicle accident while an infant or legally incompetent, and his injuries resolve a year or more before his disability resolves, then \Cameron’s] interpretation of MCL 500.3145(1) will completely preclude that person from recovering any of the damages incurred from the accident, and, thus completely abrogate his claim.[34]
Thus, what the Legislature intended as a provision to preserve a plaintiffs claims, Cameron rendered largely meaningless. In certain circumstances, Cameron’s interpretation of the saving provision actually operates to extinguish a claim, not save it.
Finally, we consider whether Cameron represented an abrupt and largely unexplained departure from precedent. We conclude that this factor also weighs heavily in favor of overruling Cameron. Cameron overruled Geiger,[35] a Court of Appeals case interpreting the interplay between the saving provision and the no-fault *308 act. Geiger was decided in 1982 and stood as the seminal interpretation of the one-year-back rule until Cameron unexpectedly swept it aside 24 years later.[36]
Furthermore, as noted, a majority of this Court had concluded before Cameron that the one-year-back rule does not apply to claims preserved by tolling. We made this decision even though in Welton we described the provisions of MCL 500.3145(1) as “two limitations on time of suit and one limitation on period of recovery[.]”[37] To the extent that Cameron held otherwise, it also implicitly overruled Welton. Thus, we are firmly convinced that Cameron represented an abrupt and largely unexplained departure from precedent.
In summary, Cameron is often unworkable, has not engendered valid reliance interests, has caused serious detriment prejudicial to public interests, and represented an abrupt and largely unexplained departure from precedent. Accordingly, we conclude that a compelling justification exists for overruling it.[38]
CONCLUSION
We overrule our decision in Cameron and the Court of Appeals’ decision in Liptow. Entities listed in MCL 600.5821(4) may bring an action and recover costs notwithstanding the limiting provisions of MCL 500.3145(1), including the one-year-back rule. There *309 fore, we reverse the judgment of the Court of Appeals in this case and remand the case to the circuit court for further proceedings consistent with this opinion.
-CAVANAGH, WEAVER (except for the part entitled “Stare Decisis”), and HATHAWAY, JJ., concurred with Kelly, C.J.

 Howard v Gen Motors Corp, 427 Mich 358; 399 NW2d 10 (1986). Only Justice RlLBY concurred in Justice BRICKLEY’s opinion.
We take no issue with Justice Markman’s argument that the Cameron majority needed no “authority” to support its holding other than “the language of the statute itself.” Post at 337. But he wrongly claims that this opinion “fails to apprehend” the principle of statutory interpretation that the actual language of the statutes is the best indicator of legislative intent. Post at 337. To the contrary, we conclude that the statutory language does not compel the interpretation reached by the Cameron majority. See pages 298-300 of this opinion. We make the additional observation that our caselaw also provides no support for the Cameron majority’s interpretation.

19 Kleinschrodt v Gen Motors Corp, 402 Mich 381, 384; 263 NW2d 246 (1978).

20 Kingery v Ford Motor Co, 116 Mich App 606; 323 NW2d 318 (1982).

 Howard, 427 Mich at 383.

 Kleinschrodt, 402 Mich at 384.

 Welton v Carriers Ins Co, 421 Mich 571, 576; 365 NW2d 170 (1984).

 Id. at 577 n 2 (“Applying the tolling to both the limitation period and the period of recovery accords with common sense, since the only reason for tolling the limitation provision to get plaintiff into court is to allow recovery for that earlier expense.”).

 Cameron, 476 Mich at 89 n 4 (Cavanagh, J., dissenting). As Justice Cavanagh observed, defense counsel in Cameron did not even divine this argument, but adopted it only after this Court raised the question sua sponte.

 In reaching our decision today, we do not rely on plaintiffs’ argument that Liptow was inconsistent with the Court of Appeals’ decision in Univ of Mich Regents v State Farm Mut Ins Co, 250 Mich App 719; 650 NW2d 129 (2002). Thus, we need not address Justice Markman’s rejection of this argument.
We also decline to comment on Justice Markman’s discussion of the “absurd result” doctrine, because we do not rely on it to reach our decision here.

 I recognize that there are different approaches used by members of the Court in applying the doctrine of stare decisis. See, e.g., post at 310-314 (Weaver, J., concurring); post at 316-317 (Hathaway, J., concurring); Robinson v Detroit, 462 Mich 439, 464; 613 NW2d 307 (2000).
I believe that our thoughtful and lengthy treatments of whether Cameron is entitled to stare decisis respect belie Justice Young’s criticism that “today precedent is no longer an ‘issue.’ ” Post at 322. Justice Young disdains our positions of the last decade regarding stare decisis as nothing but a “decade-long shrill pretense . ...” Post at 321. But he is incorrect. Not only have our positions been put forth without vitriol and ad hominem innuendos, there has been no pretense about them.
Nor do we simply ignore precedent with which we disagree, as Justice Young once again asserts. It appears that he intends to repeat himself using an identical attack in each and every case in which I vote for a different result than he does. See, e.g., Esselman v Garden City Hosp, 486 Mich 892 (2010). But with each repetition, his claims grow less believable.
*303 Finally, Justice Young again quotes a statement I made two years ago and applies it in an altogether different context to impugn my motives for voting as I have in this case. But he has no wisdom concerning my motives, nor do I claim any concerning his. His attack has no proper place in a judicial opinion.

 We are at a loss to understand Justice Markman’s argument that we deem it “appropriate” to overrule Cameron because Cameron overruled Geiger. Post at 337. To be clear, we conclude that it is appropriate to overrule Cameron because it was wrongly decided and stare decisis considerations do not support retaining it. Thus, weighing the merits of overruling Cameron vis-a-vis overriding Geiger, an analysis that his dissent engages in, post at 337-338, is not necessary to our analysis. He also claims that our decision to overrule Cameron makes the caselaw of our state less consistent with the intentions of the Legislature. Post at 338. In most disputes that come before this Court, including this one, the validity of such a claim is undoubtedly in the eye of the beholder.

 Petersen v Magna Corp, 484 Mich 300, 317; 773 NW2d 564 (2009) (opinion by Kelly, C.J.).

 Id.

 Adarand Constructors, Inc v Pena, 515 US 200, 233-234; 115 S Ct 2097; 132 L Ed 2d 158 (1995).

 See n 35 of this opinion.

 See Cameron, 476 Mich at 97 (Cavanagh, J., dissenting).
Moreover, Justice Markman is certainly correct that there is a general public interest in keeping no-fault insurance affordable. However, preserving claims brought by a group specifically protected by the Legislature — minors, incompetents, or state entities — is particularly compelling, given that the Legislature singled out these groups for disparate treatment.

34 Id. at 93 n 6.

 Geiger cited Rawlins for the proposition that MCL 600.5851 applied to the one-year period of limitations in MCL 500.3145(1). Thus, the underlying analytical support for Geiger dates back 27 years.

 Given that our decision does nothing more than restore the law to its pre-2006 state, we find defendant’s assertion that overruling Cameron will have “devastating effects” highly questionable.

 Welton, 421 Mich at 576.

 Justice Markman is correct that a majority of this Court has overruled several precedents this term. But it is an overstatement for his dissent to characterize this as a mass or flood of overrulings. Post at 340. This is particularly true given that almost every case overruled this term is one in which the former majority departed from settled jurisprudence to establish a new rule of law.