## KUSHAY v SEXTON DAIRY COMPANY

Docket No. 54831. Argued September 11, 1974 (Calendar No. 9).—
Decided April 29, 1975.

John Kushay became totally and permanently disabled as the result of a work-related injury. Workmen's compensation benefits were paid by his employer, Sexton Dairy Company. Kushay applied for compensation for services rendered in his home by his wife. The Workmen's Compensation Appeal Board rejected the claim on the ground that her services were those any conscientious wife would give her husband. The Court of Appeals, V. J. Brennan, P. J., and J. H. Gillis, J. (O'Hara, J., dissenting), denied leave to appeal (Docket No. 16157). Plaintiff appeals. Sexton Dairy raises the issues that Kushay's claim for services is barred by the "one-year-back" provision and by the three-year limitation of the Workmen's Compensation Act. *Held:*

1. Under the Workmen's Compensation Act the employer bears the cost of medical services, other attendance, and treatment. The language of the statute focuses on the nature of the services provided, not on the status or devotion of the provider of the service, and if services within the statutory intendment are provided by a spouse, the employer is obligated to pay for them. Ordinary household tasks are not within the statutory intendment but serving meals in bed and bathing, dressing, and escorting a disabled person are not ordinary household tasks.

2. The other issues raised by Sexton Dairy were not presented to the referee, the Workmen's Compensation Appeal Board, or the Court of Appeals. The issues were not properly preserved and there is no need to address them on the merits. The Supreme Court should, whenever possible, have the benefit of the views of the appeal board before opting for one or another interpretation of the complex and frequently amended statute. On remand, the appeal board may, in its discretion, permit Sexton Dairy to raise the issues.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 26 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 332, 333.
[3] 58 Am Jur, Workmen's Compensation § 527.

Reversed and remanded to the appeal board for further proceedings, and for determination of the amount payable for services rendered by Daisy Kushay.

1. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION—QUESTION OF LAW.

The Workmen's Compensation Act requires that an employer shall provide an employee injured in the course of his employment with reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of the state as legal, when they are needed; the construction to be given the statute and whether particular services fall within that construction are legal, not factual, questions properly reviewable by the Supreme Court (MCLA 418.315).

2. WORKMEN'S COMPENSATION—MEDICAL SERVICES—COMPENSATION—HUSBAND AND WIFE.

The provision of the Workmen's Compensation Act that the employer bears the cost of medical services, other attendance, and treatment focuses on the nature of the service provided, not on the status or devotion of the provider of the service, and if services within the statutory intendment are provided by a spouse, the employer is obligated to pay for them; ordinary household tasks are not within the statutory intendment but serving meals in bed and bathing, dressing, and escorting a disabled person are not ordinary household tasks (MCLA 418.315).

3. WORKMEN'S COMPENSATION—APPEAL AND ERROR—CONSTRUCTION OF STATUTES—PRESERVING QUESTION.

The Supreme Court should, whenever possible, have the benefit of the views of the Workmen's Compensation Appeal Board before opting for one or another interpretation of the complex and frequently amended Workmen's Compensation Act; there is no need for the Court to address the merits of issues raised by a party in the Supreme Court where the issues were not presented to the referee, the appeal board, or the Court of Appeals, and thus were not properly preserved.

*Miller, Klimist, Cohen, Martens & Sugarman, P. C.* (by *Bruce A. Miller, Judith A. Sale,* and *Samuel C. McKnight),* for plaintiff.

*Mansfield & Sulzbach,* for defendants.

Amicus Curiae: *Robert D. Thompson,* for Michigan Self-Insurers Association.

LEVIN, J. John Kushay became totally and permanently disabled as the result of a work-related injury. Workmen's compensation benefits were paid by his employer, Sexton Dairy Company.

This appeal concerns Kushay's claim that Sexton Dairy is liable for services rendered in the Kushay home by Kushay's wife, Daisy.

The Workmen's Compensation Appeal Board rejected the claim for funds to compensate Daisy Kushay on the ground that her services were those "any conscientious wife would give her husband". The Court of Appeals denied leave to appeal.

We reverse and remand to the appeal board for determination of the amount payable for services rendered by Daisy Kushay.

The statute provides that an employer shall provide an employee injured in the course of his employment with "reasonable medical, surgical and hospital services and medicines or *other attendance* or treatment recognized by the laws of this state as legal, when they are needed".[1] (Emphasis supplied.)

Sexton Dairy contends that the issue is factual, not legal: The appeal board's determination that the services performed by Daisy Kushay were those a dutiful wife would perform for her husband is said to be a factual determination, dispositive of the issue and binding on this Court in the absence of fraud.[2]

There are factual questions which, on remand, it will be the function of the appeal board to resolve. The construction to be given the statute and

[1] MCLA 418.315; MSA 17.237(315).

[2] Const 1963, art 6, § 28.

whether particular services fall within that construction are, however, questions properly reviewable by this Court.[3]

I

In January, 1961, while employed by the Sexton Dairy Co., John Kushay injured his back lifting a 130-pound can of cream. He was operated on in February and again in June of that year. The appeal board found that Kushay became totally and permanently disabled[4] due to the industrial loss of use of both legs following the June surgery. The nature of Kushay's disability is pain in the lower back and legs caused by the formation of scar tissue around his spinal cord.

Kushay spends 90% of his time in bed. He moves about in a wheel chair or with the aid of two canes. He claims that he suffers "intense, unremitting" pain, a "burning sensation" and "numbness" in his legs, caused by the scar tissue pulling and squeezing the spinal nerves radiating into his legs, and that walking with his canes requires tremendous effort.

The appeal board has in other cases made awards for care rendered by a member of the family as "other attendance" within the meaning of the statute.

In *Dunaj v Harry Becker Co,* 1972 WCABO 2781; *aff'd* 52 Mich App 354; 217 NW2d 397 (1974), the claimant lost the industrial use of his legs due to a back injury. He suffered periods of severe pain and spent much time in bed. His wife bathed him, changed his clothes, administered medication and

---

[3] *Cf. DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96; 214 NW2d 794 (1974); *Zaremba v Chrysler Corp,* 377 Mich 226; 139 NW2d 745 (1966).

[4] MCLA 418.361; MSA 17.237(361).

helped him to the bathroom; compensation was awarded for these services.

Daisy Kushay bathes her disabled husband, helps him dress, gives him medication, serves meals in bed, helps him to the bathroom, occasionally gives him enemas, clips his toenails and drives him to appointments.

In *Anttonen v Cleveland Cliffs Iron Co,* 1962 WCABO 152, payment was awarded for services rendered by the wife of a worker who had lost a leg and the industrial use of an arm. She helped him dress, bathe, assisted him in the bathroom and in attaching and removing his artificial leg.

Similarly, the claimant in *Ertel v Chrysler Corp,* 1972 WCABO 1662, lost the industrial use of his right arm and leg due to pain associated with a spinal injury. His wife helped him dress and bathe, massaged his back and put him in traction; payment was awarded for these services.[5]

---

[5] In addition to *Dunaj, Anttonen* and *Ertel,* discussed above, compensation for family attendance and care was ordered in *Robinson v Kalamazoo Hotel—Capitol Hotel,* 1963 WCABO 435; *Gilmore v Gregory Farmers Elevator Co,* 1964 WCABO 602; *Miller v Flynn Extrusion Co,* 1966 WCABO 594; *Stern v New Haven Foundry,* 1967 WCABO 489; *Borg v Fisher Body Division of General Motors Corp,* 1969 WCABO 1246; *Guthrie v Prophet Co,* 1972 WCABO 177; *Hocker v Paragon Bridge & Steel Co,* 1972 WCABO 818; *Larkin v Bowen & Fullerton,* 1973 WCABO 324; *Green v General Motors Corp, Cadillac Motor Division,* 1973 WCABO 1069; *Lake v Manistee Road Commission,* 1973 WCABO 1438; and *Mendez v G & W Wood Products,* 1973 WCABO 1964.

In those cases, the services performed by members of the injured employee's family were assistance in bathing, dressing, getting in and out of bed and to and from the bathroom, being placed in traction, giving heat treatment and massages, and changing bandages.

In four cases, including this one, payment was denied. The claimant in *Saigeon v Reynolds Metal Co,* 1966 WCABO 72, suffered intermittent dizzy spells due to a head injury. The appeal board found that he was able to take care of his personal needs and was not in need of care "beyond that normally supplied by the better half". In *Huston v Westran Corp,* 1971 WCABO 587, the injured employee's wife drove him to the hospital for therapy treatment (although the employer "now" furnishes taxi service for that purpose) and to the doctor's office, and gave him medication (which he was able to take himself).

## II

The irreconcilability of the results in these cases with the result in this case may be attributable to the standard—whether the services are "beyond ordinary wifely duties"[6] or, conversely, those "which any conscientious wife would give her husband'"[7]—employed by the appeal board.

The language of the statute, "reasonable medical, surgical and hospital services and medicines or other attendance or treatment", focuses on the nature of the service provided, not the status or devotion of the provider of the service. Under the statute, the employer bears the cost of medical services, other attendance and treatment. If services within the statutory intendment are provided by a spouse, the employer is obligated to pay for them.

Ordinary household tasks are not within the statutory intendment. House cleaning, preparation of meals and washing and mending of clothes, services required for the maintenance of persons who are not disabled, are beyond the scope of the obligation imposed on the employer. Serving meals in bed and bathing, dressing, and escorting a disabled person are not ordinary household tasks. That a "conscientious" spouse may in fact perform these services does not diminish the employer's duty to compensate him or her as the person who discharges the employer's duty to provide them.

---

In that case, the appeal board found that the claimant was ambulatory and able to feed and dress himself. In *Hawkins v Paul's Engine Co*, 1971 WCABO 1585, the claimant's "dutiful wife" tied his shoes (rendered superfluous when he started wearing loafers), helped him with his socks, prepared meals and bathed him. The appeal board denied payment on the ground that "the help he was getting from his wife was limited to those *[sic]* which any loving spouse would give her husband whether he was disabled or not".

6 *Anttonen v Cleveland Cliffs Iron Co*, 1962 WCABO 152.

7 The formulation in this case.

Under the statute it is the employer's duty to provide medical services "or other attendance or treatment * * * *when they are needed*".[8] (Emphasis supplied.) The appeal board did not find that the services rendered by Daisy Kushay were not "needed".

## III

Professor Larson writes that the early case law denied payment for services performed by a claimant's wife on the ground that she "did no more than she was bound to do as an affectionate spouse. Later cases, however, have permitted the charge, on the reasoning that the employer, by statute, has the affirmative duty of furnishing these services."[9]

The claimant in *A G Crunkleton Electric Co, Inc v Barkdoll,* 227 Md 364, 371; 177 A2d 252, 256 (1962), suffered the amputation of both arms due to extensive burns. The statute provided that " * * * the employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital services, medicines, crutches, apparatus, artificial hands, arms, feet and legs as may be required by the Commission". The highest court of Maryland, without discussing the nature of the services performed by the claimant's wife, affirmed an award:

"The services rendered by the wife were not minor in character, or of such a nature so as to be classified as ordinary household duties. We think it is clear that the duties performed by the wife in this case were extraordinary, unusual, and clearly above and beyond the usual call of any marital obligation."

[8] See footnote 1.

[9] 2 Larson, Workmen's Compensation Law, § 61.13, p 10-470.

In an earlier case, *Daugherty v City of Monett,* 238 Mo App 924, 938; 192 SW2d 51, 56 (1946), the wife of a worker paralyzed from his waist down was awarded compensation for services "in addition to her ordinary household duties" under a statute requiring the employer to furnish "such medical, surgical, and hospital treatment, including nursing", as may reasonably be required for the first 90 days, and "such additional similar treatment as the commission by special order may determine to be necessary".

In *Western Alliance Insurance Co v Tubbs,* 400 SW2d 850 (Tex Civ App, 1965), the services performed by the claimant's wife "consisted of feeding, bathing, shaving and turning claimant, taking him to the doctor and generally 'taking care of' him in his home while he was an invalid". The Court held that she was properly awarded compensation for rendering services which the employer had a statutory duty to provide.[10]

## IV

Sexton Dairy raises in this Court issues which it did not present to the referee, the appeal board or the Court of Appeals.[11]

---

[10] *Contra, Bituminous Casualty Corp v Wilbanks,* 60 Ga App 620; 4 SE2d 916 (1939); *Graf v Montgomery Ward & Co, Inc,* 234 Minn 485; 49 NW2d 797 (1951), on the ground that the services were performed by the injured worker's wife.

[11] (A) It contends that Kushay's claim for services is barred by the "one-year-back" provision of the act: "If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application". 1948 CL 413.14; MSA 17.188. Now MCLA 418.833; MSA 17.237(833).

The question is whether the "medical expenses" exception should, as Kushay contends, be read into the second clause of the sentence— "no compensation other than medical expenses shall be awarded * * * "—or should, as Sexton Dairy contends, be read as qualifying only the first clause.

Kushay counters Sexton Dairy's arguments both on the merits (see fn 11) and on the ground that issues are waived if not timely raised.[12]

We conclude that Sexton Dairy failed properly to preserve these issues[13] and that there is, therefore, no need to address the merits of those issues. This Court should whenever possible have the benefit of the views of the appeal board before opting for one or another interpretation of this complex and frequently amended statute.

On remand, the appeal board may in the exercise of its discretion permit Sexton Dairy to raise these issues.

---

(B) It further contends, relying on Dornbos v Bloch & Guggenheimer, Inc, 326 Mich 626; 40 NW2d 749 (1950), that Kushay's claim is barred by the three-year limitation: " * * * no such claim shall be valid or effectual for any purpose unless made within 3 years from the date the personal injury was sustained". 1948 CL 412.15; MSA 17.165. Now MCLA 418.381; MSA 17.237(381).

Kushay distinguishes Dornbos on the ground that there the claimant failed to request any form of compensation for three years, while in this case Sexton Dairy voluntarily began paying compensation shortly after Kushay's injury.

[12] In *Aske v W E Wood Co,* 248 Mich 327, 328–329; 227 NW 722 (1929), this Court concluded that the defense of "loaned employee" had been waived for failure to submit it to the Workmen's Compensation Commission:

"The rules of the department of labor and industry require an employer, if denying liability, to set forth with reasonable detail and certainty the grounds of defense relied upon. Review here is limited to points made and presented there. We will consider such points only as the record affirmatively shows were presented to the commission for decision. This record does not show that the point of loaned employee was submitted to the commission. It is not enough that the point could have been presented under the notice of contest and the evidence."

*Similarly, see DeWitt v Grand Rapids Fuel Co,* 346 Mich 209, 218; 77 NW2d 759 (1956); *McLean v Eaton Manufacturing Co,* 286 Mich 285, 290; 282 NW 150 (1938); *Clarkson v Lufkin Rule Co,* 367 Mich 19, 22; 116 NW2d 223 (1962).

[13] Sexton Dairy relies on the statement of three justices in *Loucks v Bauman,* 356 Mich 514, 517–518; 97 NW2d 321 (1959), for the proposition that the one-year-back provision is not a defense which can be waived. That view did not then and does not now have the support of a majority of the Court.

Remanded to the Workmen's Compensation Appeal Board for further proceedings. The Appeal Board shall determine the amount payable for services rendered by Daisy Kushay. Costs to appellant.

T. G. KAVANAGH, C. J., and SWAINSON, WILLIAMS, and J. W. FITZGERALD, JJ., concurred with LEVIN, J.

M. S. COLEMAN, J., concurred in the result.

The late Justice T. M. KAVANAGH took no part in the decision of this case.