YOUMANS v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 78-828. Submitted January 9, 1979, at Lansing.—Decided April 2, 1979. Leave to appeal applied for.

Plaintiff, Dale A. Youmans, was injured in an automobile accident in which his wife was killed. His daughter, Tanya, survived. Plaintiff sued defendant, Citizens Insurance Company of America, in district court for benefits for reasonably incurred expenses for the care of Tanya necessitated by the death of her mother. The amount claimed exceeded the jurisdictional limits of the court and the suit was removed to the Genesee Circuit Court. In an amended complaint plaintiff also sought benefits for services performed for him that he would have performed for himself had he not been injured and for various medical expenses, and plaintiff contested the validity of the excess-deductible provision in his policy with defendant. After the accident both plaintiff and Tanya stayed with plaintiff's mother and mother-in-law until plaintiff remarried. Plaintiff alleged an agreement with his new wife to pay her $20 per day to care for Tanya. The court, Robert M. Ransom, J., concluded that plaintiff "reasonably incurred" expenses with his mother and mother-in-law for his own ordinary and necessary care at the maximum $20-per-day rate, that plaintiff's remarriage reestablished the family unit and ended the need for plaintiff to incur expenses for ordinary and necessary services for Tanya, and that plaintiff was entitled to benefits for Tanya's care only from the time he returned to work to the date of his remarriage, and awarded plaintiff a judgment accordingly. Plaintiff appeals the denial of benefits for replacement services for Tanya after plaintiff's remarriage. *Held:*

Remarriage of a husband and father of a child whose mother was killed in an automobile accident does not terminate the child's eligibility to receive survivor's loss benefits under the no-fault act for loss of services which would have been provided by the child's mother; the father may contract with his new wife to provide those services.

Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTE
New Topic Service Am Jur 2d, No-Fault Insurance § 31.

Automobiles — No-Fault Insurance — Survivor's Loss Benefits
　　— Statutes.

　　Remarriage of a husband and father of a child whose mother was
　　killed in an automobile accident does not terminate the child's
　　eligibility to receive survivor's loss benefits under the no-fault
　　act for loss of services which would have been provided by the
　　child's mother; the father may contract with his new wife to
　　provide those services (MCL 500.3108; MSA 24.13108).

*Hicks, Beltz, Behm & Nickola,* for plaintiff.

*Milliken & Magee,* for defendant.

Before: V. J. Brennan, P.J., and M. F. Cavanagh and C. J. Hoehn,* JJ.

V. J. Brennan, P.J. Plaintiff appeals as of right from a portion of a February 17, 1978, judgment of Genesee County Circuit Judge Robert M. Ransom. Plaintiff was injured in an automobile accident on February 19, 1975. His wife was killed. Surviving was their two-year-old daughter, Tanya. Defendant is plaintiff's "no-fault" insurer.

Plaintiff filed a complaint in district court in Flint on October 3, 1975. The amount of damages sought exceeded district court jurisdictional limits and on August 2, 1976, the case was removed to circuit court. An amended complaint was filed in circuit court on October 27, 1976, alleging that defendant had failed to pay benefits for reasonably incurred expenses for the care of plaintiff's daughter necessitated by plaintiff's wife's death and for services performed for plaintiff that he would have performed for himself had he not been injured. Plaintiff also sought recovery for various medical expenses and contested the validity of an excess-deductible provision in his policy with defendant.

Plaintiff testified that he suffered hip, back and

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

internal injuries. His back was broken. He had to wear a corset until June 7, 1975. He was unable to bend over or to move around without crutches. He and his daughter, Tanya, stayed with plaintiff's mother and his mother-in-law who cared for them. Plaintiff returned to work on October 1, 1975. From October 1975 until January of 1976 plaintiff's mother-in-law cared for Tanya.

On January 6, 1976, plaintiff remarried. Plaintiff stated that he had an agreement with his new wife to pay her $20 per day to care for Tanya. The amount was based on the benefit provided in the no-fault statute. There was no definite term to the agreement between the parties.

The trial court concluded that plaintiff "reasonably incurred" expenses with his mother and mother-in-law for his own "ordinary and necessary" care at the rate of $20 per day. In fact, the court thought that the reasonable value of the services rendered to plaintiff was more than the $20 allowed under the no-fault statute.

The court also concluded that plaintiff's remarriage reestablished the family unit and ended the need for plaintiff to incur expense for ordinary and necessary services for Tanya in lieu of those provided by her dead mother. The court found insufficient evidence of a contract between plaintiff and his new wife for the care of Tanya. The court denied plaintiff benefits for replacement services for Tanya from the date of his remarriage, although it awarded benefits for the time between plaintiff's return to work and his remarriage, when Tanya was cared for by her grandmother.

The court found that the excess-deductible provision in plaintiff's policy was a part of the policy at the time of the accident. Plaintiff was awarded his claimed unreimbursed medical expenses.

Plaintiff's appeal contests only the denial of benefits for replacement services for Tanya after plaintiff's remarriage.

The plaintiff argues that his remarriage did not end the dependency of the child on the deceased mother. MCL 500.3110(1)(c); MSA 24.13110(1)(c). He argues that the trial court's conclusion that plaintiff's remarriage reestablished a family unit and ended the provision of replacement services for Tanya is without legal basis and that nowhere in the no-fault statute is there language that disqualifies relatives from performing services. He further argues that in the Worker's Disability Compensation Act, another no-fault statute, the Supreme Court has held that a disabled employee may recover benefits for services rendered him by his wife, *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975), and that the insurer should not reap a windfall because ordinary and necessary services rendered to replace those which would have been performed are performed by a wife instead of a housekeeper or a nursemaid. We agree.

Defendant argues that there was no contract between plaintiff and his new wife to care for Tanya and that the language of the statute requiring expenses to be reasonably incurred can hardly be construed to provide for payment to a new wife for the care of her husband's daughter.

Defendant further argues *Kushay v Sexton Dairy Co, supra,* is distinguishable since it arose under a section of the Worker's Disability Compensation Act which requires employers to furnish services to the injured employee. It is defendant's position that § 3108 of the no-fault act does not require payment for child care under all circumstances, but only where the expenses are reason-

ably incurred and that the trial court properly found that expenses claimed here were not reasonably incurred.

This is a case of first impression under the no-fault act. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

No cases have construed § 3108 of the act, the contested provision in this case. It reads as follows:

"Personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of his death would have received for support during their dependency from the deceased if he had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if he had not suffered the injury causing death. The benefits payable for survivor's loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 and is not payable beyond the first 3 years after the date of the accident." MCL 500.3108; MSA 24.13108.

Plaintiff argues that his agreement with his new wife to pay her $20 per day for the care of his daughter entitled him to benefits under the section. Defendant argues that a remarriage in which the new wife provides ordinary and necessary services to the daughter ends the insurer's obligation under this section where there are no other expenditures to care for the daughter. The trial court agreed with defendant.

The Supreme Court has decided that the provi-

sion of services by a spouse or relative, where reasonable, is compensable under a provision of the Worker's Disability Compensation Act. MCL 418.315; MSA 17.237(315). Although the provision does not exactly parallel § 3108 of the no-fault act, both statutes create an entitlement for benefits reasonably provided. *Kushay v Sexton Dairy Co, supra.* Both statutes are concerned with the provision of services and not with the status of the person providing those services. Thus, the Court in *Kushay* held that a spouse could recover for services rendered to a husband, even though, in all probability, she would have performed them absent the possibility of recovery from the employer. *Kushay v Sexton Dairy Co, supra,* pp 74-75.

Plaintiff's new wife does not legally replace his daughter's dead mother. A stepmother is not liable for all the duties or entitled to all the rights of a parent. See MCL 710.60; MSA 27.3178(555.60). Nor does a stepmother enjoy any favorable presumption for purposes of child custody under the Child Custody Act. See MCL 722.25; MSA 25.312(5).

Plaintiff's remarriage, while re-establishing the family unit, in no way affected Tanya's need for ordinary and necessary services that her dead mother once provided. The trial court improperly concluded that plaintiff's remarriage terminated his daughter's eligibility to receive survivor's loss benefits under § 3108 of the no-fault insurance act.

Reversed and remanded for entry of judgment accordingly. Defendant to pay costs and reasonable attorney fees.