ADKINS v AUTO OWNERS INSURANCE COMPANY

Docket No. 48409. Submitted June 2, 1980, at Grand Rapids.—Decided July 9, 1980. Leave to appeal denied, 411 Mich 912.

The plaintiff, Terri Adkins, is the widow of Paul Adkins, who was killed in an automobile collision. She brought an action against the insurer of the automobile which her husband had been driving, Auto Owners Insurance Company, to recover payment for the value of her husband's services. The Muskegon Circuit Court, R. Max Daniels, J., granted plaintiff recovery for only those expenses documented by cancelled checks. Plaintiff appeals, alleging that she is entitled to recover from $15 to $20 per day as the reasonable value of her husband's services. *Held:*

The statute allows recovery, up to $20 per day, for expenses incurred for replacement services. Expenses "incurred" are those which a person becomes liable for. Therefore, recovery is limited to those amounts actually expended or for which the plaintiff has become liable. In this case the plaintiff did not claim any actual expenses other than those represented by the cancelled checks. The trial court's award was, therefore, proper.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — REPLACEMENT SERVICES — STATUTES.

The amount recoverable for replacement services under the personal protection benefit provision of the no-fault act by a survivor of a person fatally injured is limited to amounts expended or for which the survivor has become liable (MCL 500.3108[1]; MSA 24.13108[1]).

2. APPEAL — PRESERVING QUESTION.

A constitutional issue not raised at trial may not be raised for the first time on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d (Rev), Automobile Insurance § 362.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 299.
[2] 5 Am Jur 2d, Appeal and Error §§ 873, 874.

*McCroskey, Libner, Vanleuven, Feldman, Cochrane & Brock,* for plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Larry D. Vander Wal),* for defendant.

Before: R. B. Burns, P.J., and MacKenzie and J. T. Kallman,* JJ.

Per Curiam. Paul Adkins, husband of plaintiff Terri Adkins, was killed in an automobile collision. The automobile which he was operating at the time of the accident was owned by Jesse Adkins, d/b/a Jesse's Used Cars. The automobile was covered by an insurance policy issued by defendant, which provided personal protection benefits as required by 1972 PA 294, otherwise known as the Michigan no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

Since the date of her husband's death, plaintiff has received social security benefits on her own behalf and on behalf of her children. The total social security payment is $770.10 per month. No benefits have been paid by the defendant pursuant to the terms of the insurance policy except funeral expenses. The social security payment completely offsets all wage-loss benefits under the no-fault statute.

Plaintiff has received no payment from defendant for loss of her husband's services. This action was commenced to enforce payment of "past, present and future personal protection insurance benefits" for the value of those services. In an effort to establish the amount to which she was entitled, plaintiff testified that her husband was an active participant in home and family projects, which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

included snowmobiling, removal of snow from the roof, firewood cutting, general home maintenance, lawn care, vegetable gardening, babysitting and automobile maintenance.

The action was brought to trial for the purpose of establishing the amount to which plaintiff was entitled under the no-fault policy for the loss of her husband's services. She testified that her husband was the type of person who was handy around the house and, if she were to place a monetary value on his services, she would estimate $15 to $20 per day was appropriate. Plaintiff submitted into evidence 12 cancelled checks, totaling $225, to establish expenditures she incurred subsequent to her husband's death for services which he normally performed. These services included trash disposal, stove repairs, car maintenance, babysitting, plumbing repairs and woodcutting.

In a written opinion, the trial court granted plaintiff recovery for only those expenses documented by cancelled checks submitted into evidence. Plaintiff appeals, contesting the lower court's damage award. Plaintiff's first assignment of error concerns the lower court's interpretation of MCL 500.3108(1); MSA 24.13108(1). Plaintiff submits that she is entitled to recover from $15 to $20 per day as the reasonable value of her husband's services. She does not contend that these figures represent actual outlays for legal obligations incurred. She claims that this figure represents the value of services previously supplied by her husband, which she must now provide, are supplied by relatives and friends, or that she and her children merely forego. MCL 500.3108(1); MSA 24.13108(1) states that a survivor is entitled to personal protection insurance benefits as follows:

"Except as provided in subsection (2), personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, *not including services,* that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if the deceased had not suffered the injury causing death." (Emphasis added.)

The controversy before this Court concerns that portion of the statute which states, "expenses * * * reasonably incurred * * * in obtaining ordinary and necessary services * * *". In *Hoehner v Western Casualty & Surety Co,* 8 Mich App 708, 717; 155 NW2d 231 (1967), this Court was called on to determine the meaning of the phrase "expenses incurred" in the context of an insurance policy. The *Hoehner* Court concluded that the word "incurred" meant to "become liable for, or subject to, to render liable or subject to * * * to become liable for". Applying a similar rationale to this action, we conclude that the statutory requirement that expenses be incurred justifies recovery to the extent of amounts expended or for which one has become liable. This conclusion is in accord with the drafter's comment to the Uniform Motor Vehicle Accident Reparations Act, the model upon which the Michigan statute was based. The commissioners' comment to the statutory provisions indicates that the drafters intended to "rigorously" limit the survivor's replacement services loss to

"genuine economic loss". 14 Uniform Laws Annotated (Master ed), 55. Plaintiff's contention that such an interpretation of the statute impermissibly eliminates the common-law right to recovery for the loss of a spouse's services is without merit. *Struble v Detroit Automobile Inter-Ins Exchange,* 86 Mich App 245, 250-251; 272 NW2d 617 (1978).

Plaintiff's assertion that MCL 500.3108; MSA 24.13108 unconstitutionally denies equal protection to economically underprivileged widows and widowers who cannot afford to purchase substitute services is not properly reviewable. The pleadings in this action, as well as the proofs submitted at trial, did not address this issue. The attempt by plaintiff's counsel to interject this issue into his closing argument was cut short by objection. Since the matter was not asserted prior to this appeal, it is too late to raise the constitutional issue presented. *Buxton v Alexander,* 69 Mich App 507, 509-510; 245 NW2d 111 (1976), *People v Ditton,* 78 Mich App 610, 617; 261 NW2d 182 (1977).

Affirmed. No costs, an interpretation of a statute being involved.