## Baider v. Horace Mann Insurance Co.

*Kenneth J. Lees*, for plaintiffs.
*Phillip B. Silverman*, for defendant.

HILL, *J.*, August 6, 1986—This case has been submitted for adjudication on the basis of a stipulation of facts which, briefly summarized, are as follows: Plaintiff Albert Baider was a pedestrian who was struck by a motor vehicle and sustained serious injuries as a result. Plaintiff Rose Baider resigned from her employment as a housewares demonstrator to care for her husband, which care included massaging and clothing him, preparing his meals, laundering his clothes and performing chores which he had formerly done. Plaintiff Rose Baider has not had any professional medical training and does not hold a license from any governmental authority to perform nursing services or rehabilitative treatment.

Plaintiff Albert Baider had no motor vehicle insurance at the time of his injury and seeks recovery under the Pennsylvania No-fault Motor Vehicle Insurance Act, which was repealed after his accident.

The issue in this case is whether plaintiffs may recover "basic loss benefits" under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 (repealed 1984).

Plaintiff Albert Baider seeks recovery for the value of his wife Rose Baider's services in providing care for him, including massaging him, clothing him, preparing his meals, laundering his clothes and assuming his household chores. Plaintiff claims that the value of these services is a "replacement service loss," which the act defines as follows:

"expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those a victim would have performed, not for income, but for the benefit of himself or his family if he had not been injured." 40 P.S. §1009.103.

The crucial inquiry is whether the expenses plaintiff seeks were "incurred." An expense is "incurred" under the act only if plaintiff has sustained actual economic detriment in obtaining the services. Fandray v. Nationwide Mutual Insurance Co., 313 Pa. Super. 186, 459 A.2d 801 (1983); Dickson v. Federal Kemper Insurance Co., 23 D.&C.3d 102 (1982); Metz v. State Automobile Insurance Association, 98 Dauph. 365 (1976). Instantly, wife-plaintiff's services appear to have been gratuitous as husband-plaintiff has not submitted any evidence that he became financially liable to his wife for them. See Dickson v. Federal Kemper Insurance Co., supra (automobile accident victim could not recover for value of daughter's services in performing his household chores where daughter testified that she did not expect to get paid). Compare Adkins v. Auto Owners Ins. Co., 105 Mich. App. 431, 306 N.W.2d 312 (1980) (court approved award under No-fault Act for trash disposal, stove repairs, car maintenance, baby-sitting, plumbing

repairs and woodcutting where specific bills were provided). Accordingly, because there was no legally enforceable contract between Mr. Baider and his wife and, therefore, no "incurring" of expenses for the services, Mr. Baider cannot recover under the "replacement service loss" provision of the act.

Plaintiff also seeks to recover for wife-plaintiff's "nursing services" under the "Allowable Expenses" provision, 40 P.S. §1009.103:

" 'Allowable expenses' means reasonable charges incurred for, or the reasonable value of (where no charges are incurred) reasonably needed and used products, services, and accommodations for:

"(A) Professional medical treatment and care;

"(B) Emergency health services;

"(C) Medical and vocational rehabilitation services . . .

" 'Medical and vocational rehabilitation services' means services necessary to reduce disability and to restore the physical, psychological, social and vocational functioning of the victim. Such services may include, but are not limited to, medical care, diagnostic and evaluation procedures, physical and occupational therapy, other necessary therapies, speech pathology and audiology, optometric services, nursing care under the supervision of a registered nurse, medical social services, vocational rehabilitation and training services, occupational licenses and tools, and transportation where necessary to secure medical and vocation rehabilitation services. A basic-loss obligor is not obligated to provide basic-loss benefits for allowable expense for medical and vocational rehabilitation services unless the facility in which or through which such services are provided has been accredited by the Department of Health, the equivalent governmental agency responsible for health programs, or the ac-

crediting designee of such department or agency of the state in which such services are provided, as being in accordance with the applicable requirements and regulations."

The parties have stipulated that Mrs. Baider has no professional medical work experience or training. Furthermore, the services rendered were not provided by or through an accredited facility. Accordingly, plaintiff may not recover for these services under this provision.

Wherefore, judgment is entered in favor of defendant and against plaintiffs.