RICHARDSON v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 106583. Submitted May 15, 1989, at Detroit. Decided July
19, 1989.

In 1979, Elwood M. Richardson was severely injured when he was
struck by a truck while in the course of his employment.
Richardson and his wife, Slyvia Richardson, filed suit against
Detroit Automobile Inter-Insurance Exchange in Wayne Circuit
Court seeking wage loss benefits and recovery of expenses
reasonably incurred in obtaining replacement services. Richard-
son testified that his wife and children were forced to perform
additional household work because of his injury and that he
gave them cash, a car, a snowmobile, and a motorcycle in
payment. The jury returned a verdict of no cause of action,
specifically finding that plaintiffs had not provided reasonable
proof that Mr. Richardson incurred or paid reimbursement
expenses. The court, Henry J. Szymanski, J., subsequently
denied plaintiffs' motion for a new trial or judgment notwith-
standing the verdict. The Court of Appeals affirmed in an
unpublished opinion per curiam. On July 7, 1986, Richardson
tendered cashiers checks to his wife, son, and daughter in the
amount of $7,300 each, purportedly in payment for replace-
ment services performed between November 14, 1979, and
November 14, 1982. Plaintiffs then filed suit against DAIIE again
in Wayne Circuit Court seeking recovery of expenses for re-
placement services. The court granted defendant's motion to
dismiss on the basis that the action was barred by res judicata
and the statute of limitations. Defendant's request that sanc-
tions be imposed against plaintiffs was denied. Plaintiffs ap-
pealed from the dismissal of their action. Defendant cross
appealed from the denial of its motion for the imposition of
sanctions.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Appeal and Error § 1024; Automobile Insurance § 362;
Judgments §§ 1197 *et seq.*; Pleading § 26.
See the Index to Annotations under Malicious Prosecution; No-
Fault Insurance; Res Judicata.

1. Plaintiffs' contention that their action was not barred by the doctrine of res judicata because Mr. Richardson did not pay the expenses until well after the jury trial and this issue therefore could not have been raised at trial is without merit and frivolous. Plaintiffs' claim is barred because the replacement services at issue in this case are the same services at issue in the prior action, the same parties are involved, and the prior action was decided on its merits.

2. Plaintiffs' contention that the one-year statute of limitations did not begin to run on this claim until Mr. Richardson incurred the expense by tendering checks to his wife and children is also without merit. Replacement service expenses are incurred when the obligation or agreement to pay arises, in this case between November, 1979, and November, 1982. Plaintiffs' action, filed in 1986, is barred by the one-year statute of limitations.

3. The trial court erred in failing to grant defendant's motion for sanctions. The matter is remanded to the trial court for a finding as to the proper amount of the sanctions. Furthermore, plaintiffs' arguments on appeal are equally without merit. Defendant is therefore entitled to appellate costs, and because plaintiffs' appeal of this matter was vexatious because it was taken without any reasonable basis for belief that there was a meritorious issue to be determined, punitive damages are to be assessed against plaintiffs in an added amount equal to the actual expenses incurred by defendant in this appeal. The damages are to assessed jointly against plaintiffs and their counsel.

Affirmed in part, reversed in part, and remanded.

1. JUDGMENTS — RES JUDICATA.
    There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

2. JUDGMENTS — RES JUDICATA.
    The doctrine of res judicata bars litigation in a second action of claims that were actually litigated in a prior case as well as claims arising out of the same transaction which the plaintiff could have brought, but did not.

3. INSURANCE — NO-FAULT — REPLACEMENT SERVICES.
    Expenses for replacement services, as allowed under the no-fault act, are incurred when the obligation or agreement to pay for

the services arises; the one-year period within which an action may be commenced against the insurer for recovery of replacement services expenses therefore begins to run at the time the obligation or agreement to pay arises, not at the time of the actual payment for the services (MCL 500.3107[b], 500.3145[1]; MSA 24.13107[b], 24.13145[1]).

4. PLEADING — UNWARRANTED CLAIMS — SANCTIONS — COURT RULES.
The Michigan Court Rules provide for an award of sanctions against both a party and that party's counsel for not making reasonable inquiry as to whether a pleading is well-grounded in fact and warranted by either existing law or by a good-faith argument for extension, modification or reversal of existing law; sanctions may be awarded without regard to whether a party or the party's counsel filed the pleadings for an improper purpose (MCR 2.114).

5. APPEAL — VEXATIOUS APPEALS — SANCTIONS — COURT RULES.
Sanctions for taking a vexatious appeal are appropriate where the appeal is taken without any reasonable basis for a belief that there is a meritorious issue to be determined on appeal (MCR 7.216[C][1][a]).

*David L. Smith, P.C.* (by *David L. Smith*), for plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Joyce E. Parker*), and *John A. Lydick,* of Counsel, for defendant.

Before: SULLIVAN, P.J., and GRIBBS and DOCTO-ROFF, JJ.

PER CURIAM. Plaintiffs appeal as of right from a Wayne Circuit Court order granting defendant's motion to dismiss on the basis of res judicata and motion for summary disposition on the basis that the action was barred by the statute of limitations, MCR 2.116 (C)(7). Defendant cross appeals from the circuit court's denial of defendant's request for sanctions. We affirm the circuit court's order and remand for determination of defendant's damages.

In 1979, plaintiff Elwood M. Richardson was

severely injured in the course of his employment. He and his wife, plaintiff Sylvia Richardson, brought an action against defendant for work loss benefits and for recovery of expenses reasonably incurred in obtaining replacement services. MCL 500.3107(b); MSA 24.13107(b).

At trial, Mr. Richardson testified that his wife and children were forced to perform additional household work because of his injury and that he had promised to pay them. Mr. Richardson testified that he gave his family members cash, a car, a snowmobile and a motorcycle in payment. The jury returned a verdict of no cause of action and specifically found that plaintiffs had not provided reasonable proof that Mr. Richardson incurred or paid reimbursement expenses. The trial court subsequently denied plaintiffs' motion for a new trial or judgment notwithstanding the verdict, and this Court affirmed the trial court's order in an unpublished, per curiam opinion. *Richardson v DAIIE,* released June 27, 1985 (Docket No. 76890), lv den 424 Mich 871 (1986).

On July 7, 1986, Mr. Richardson tendered cashiers checks to his wife, son and daughter in the amount of $7,300 each, purportedly in payment for replacement services performed between November 14, 1979, and November 14, 1982. On October 8, 1986, plaintiffs filed this action, again seeking recovery of expenses for replacement services. Plaintiffs appeal from the trial court's order dismissing their action.

Plaintiffs contend that their action was not barred by the doctrine of res judicata because, since Mr. Richardson did not pay the expenses until well after the jury trial, this issue could not have been raised at trial. We reject this issue as frivolous.

The doctrine of res judicata bars a subsequent

action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical. There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies. *Roberts v City of Troy,* 170 Mich App 567, 577; 429 NW2d 206 (1988). The doctrine bars litigation in the second action of claims that were actually litigated in the prior case as well as claims arising out of the same transaction which plaintiff could have brought, but did not. *Sherrell v Bugaski,* 169 Mich App 10, 12-13; 425 NW2d 707 (1988).

In this case, there is no dispute that the first and third prerequisites for res judicata have been satisfied. Plaintiffs' first suit was decided on the merits and both actions here involved the same parties.

We find that the second prerequisite has been satisfied as well. The jury in the prior action expressly considered whether plaintiffs incurred or paid any reimbursement expenses. Since the replacement services at issue here are admittedly the same services at issue in the prior action, plaintiffs' claim is barred.

Plaintiffs also argue that the one-year statute of limitations did not begin to run on this claim until Mr. Richardson "incurred" the expense by tendering checks to his wife and children. MCL 500.3145(1); MSA 24.13145 (1). This issue is meritless.

Replacement service expenses are incurred when the obligation or agreement to pay arises. *Adkins v Auto Owners Ins Co,* 105 Mich App 431; 306 NW2d 312 (1980); *Fortier v Aetna Casualty &*

*Surety Co,* 131 Mich App 784; 346 NW2d 874 (1984). In this case, Mr. Richardson testified in the prior action that he asked his family to perform replacement services and promised to pay them for their services. The claimed services were performed between November, 1979, and November, 1982. Clearly, plaintiffs' 1986 action was barred by the statutory one-year limitation period.

We are convinced that plaintiffs' action in this case had no support either in law or in fact and provided no good-faith argument for an extension of existing law. Therefore, we find that the trial court erred in failing to grant defendant's motion for sanctions, and we remand for a finding as to the proper amount. MCR 2.114.

In addition, since plaintiffs' arguments are equally meritless on appeal, defendant is entitled to appellate costs. MCR 7.216(C)(2). *Briarwood v Faber's Fabrics, Inc,* 163 Mich App 784, 792-795; 415 NW2d 310 (1987). We also conclude that plaintiffs' appeal of this matter was vexatious because it was taken without any reasonable basis for belief that there was a meritorious issue to be determined. Consequently, we assess punitive damages in an added amount equal to the actual expenses incurred by defendant in this appeal. MCR 7.216 (C)(2).

This matter is remanded for a determination of damages and for entry of an order assessing actual and punitive damages jointly against plaintiffs and plaintiffs' counsel.

Affirmed in part, reversed in part, and remanded.