(852 P.2d 520)

No. 68,875

TIPHANI J. HEPHNER, a minor, by and through her father and next friend, CLAUDE R. HEPHNER, *Appellee,* v. TRADERS INSURANCE COMPANY, *Appellant.*

Opinion filed May 21, 1993.

*William A. Vickery* and *Kevin M. McMaster,* of McMaster & McMaster, of Wichita, for appellant.

*Clay Cox,* of Wichita, for appellee.

Before ELLIOTT, P.J., LARSON, J., and DANIEL L. LOVE, District Judge, assigned.

ELLIOTT, J.: Traders Insurance Company (Traders) appeals the trial court's award of substitution benefits under its insurance policy and the trial court's award of attorney fees.

We reverse.

The facts are essentially undisputed. Tisha Hephner was killed in an auto accident, leaving daughter Tiphani as her sole heir. Tisha's parents, Claude and Judy Hephner, then cared for Tiphani and eventually adopted her. Judy then died.

Claude eventually demanded of Traders $25 per day for benefits under the Traders policy. At trial, the district court found that Tiphani was a survivor and was therefore entitled to substitution benefits under K.S.A. 1992 Supp. 40-3103(w). Accordingly, the trial court ruled in plaintiff's favor.

The Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.,* (KAIRA) mandates that all policies provide PIP benefits for an insured person. A person who meets the definition of survivor is entitled to "survivor's benefits." Tiphani is a "survivor"

under K.S.A. 1992 Supp. 40-3103(x). Accordingly, she is entitled to the benefits described in K.S.A. 1992 Supp. 40-3103(y), which include substitution benefits.

Substitution benefits are defined in K.S.A. 1992 Supp. 40-3103(w) as

"allowances for appropriate and reasonable expenses *incurred* in obtaining other and necessary services in lieu of those that, but for the injury, the injured person would have performed for the benefit of such person or such person's family, subject to a maximum of $25 per day for not longer than 365 days after the date such expenses are *incurred*." (Emphasis added.)

Plaintiff produced copies of checks for monies actually expended for health care expenses, toys and books, clothing, and diaper expenses, etc. But, the trial court obviously did not base its ruling in plaintiff's favor on that evidence. Instead, the trial court awarded plaintiff $9,125 based on evidence that the reasonable value of day care was at least $25 per day. Three hundred sixty-five days times $25 per day does equal $9,125.

The question on appeal is this: Must a plaintiff prove actual economic loss in order to recover for reasonable expenses incurred? We answer in the affirmative.

Plaintiff's reliance on *Hand v. State Farm Mut. Auto. Ins. Co.*, 2 Kan. App. 2d 253, 577 P.2d 1202, *rev. denied* 225 Kan. 844 (1978), is misplaced. *Hand* merely held that survivors need not prove actual economic loss to be entitled to survivors' benefits. 2 Kan. App 2d 253, Syl. ¶ 2. But in *Hand*, we were interpreting an allowance to survivors for loss of monthly earnings after death. 2 Kan. App. 2d at 255. *Hand* simply does not speak to what must be proven to recover substitution benefits.

Incur is defined as follows: "To become liable or subject to, to bring down upon oneself, as to incur debt, danger, displeasure and penalty, and to become through one's own action liable or subject to." Black's Law Dictionary 768 (6th ed. 1990). See Webster's Third New International Dictionary 1146 (1986).

The Uniform Motor Vehicle Accident Reparations Act, which is similar to KAIRA, provides in its comments that replacement service loss (the equivalent of our substitution benefits) is limited to recovery of reasonable expenses incurred, such as those in hiring a substitute to perform the services. In other words, the benefit is limited to genuine economic loss. See 1 No-Fault and

Uninsured Motorist Automobile Insurance § 11.40, p. 11-46 (1992).

The above treatise states the intent of these substitution benefits statutes is to cover the cost of hiring someone to perform the services, rather than to compensate for the mere loss of the ability to perform them. p. 11-46.

In the present case, Claude and Judy did not hire anyone to care for Tiphani; they have incurred no genuine economic loss.

Cases also support the straightforward meaning of "expenses incurred." *E.g.*, *Adkins v. Auto Owners Ins. Co.*, 105 Mich. App. 431, 306 N.W.2d 312 (1980) (expenses incurred means recovery limited to money actually spent; cannot recover on basis that reasonable value of service is worth $15-$20 per day), *lv. to appeal denied* 411 Mich. 912 (1981); *Fandray v. Nationwide Mut. Ins. Co.*, 313 Pa. Super. 186, 459 A.2d 801 (1983) (money actually expended). And *cf. Guenther v. Austin Mut. Ins. Co.*, 398 N.W.2d 80 (Minn. App. 1986) (statutory restrictions that do not appear in KAIRA).

In short, in order to recover substitution benefits under KAIRA, a plaintiff must establish a genuine economic loss. Merely establishing the reasonable value of those services is not enough.

Some may find our ruling harsh. If so, the remedy lies with the legislature. We hold the meaning of the statute to be clear. "Expenses incurred" requires a genuine economic loss.

Because we reverse the basic holding of the trial court, the award of attorney fees is also reversed.

Reversed.